IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSE

| | |
|---|---|
| CAPTAIN D'S, LLC<br><br>    Plaintiff,<br><br>v.<br><br>ALASKAN VENTURES, LLC,<br>SOVEREIGN CAPITAL VENTURES LLC,<br>MOHAMMAD ("JIMMY") K. JAMSHED<br> and AHMED IMRAN MONGA<br><br>    Defendants. | )<br>)<br>)<br>)  Case No.: _____<br>)<br>)<br>)  JURY DEMAND<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff CAPTAIN D'S, LLC files this civil action against defendants for breach of written franchise and guaranty agreements, and would show:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Captain D's, LLC (a Delaware limited liability company) ("plaintiff," "Captain D's" or "Franchisor") is an American seafood restaurant chain. Headquartered in Nashville, Captain D's principal place of business is 624 Grassmere Park Drive, Suite 30, Nashville, TN 37211.

2. Defendant ALASKAN VENTURES, LLC is a Texas limited liability company, ("Alaskan" or "Franchisee") with its principal place of business at 1725 Weeping Willow Way, Southlake, Texas 76092. Alaskan may be served with process by serving its sole member and registered agent, Mohammad K. Jamshed, at 1725 Weeping Willow Way, Southlake, Texas 76092, or by service upon its members or managers.

3. Defendant SOVEREIGN CAPITAL VENTURES LLC is a Texas limited liability company, ("Sovereign" or "Franchisee") with its principal place of business at 1725 Weeping Willow Way, Southlake, Texas 76092. Sovereign may be served with process by serving its sole member and registered agent, Mohammad K. Jamshed, at 1725 Weeping Willow Way, Southlake, Texas 76092, or by service upon its members or managers.

4. Defendant MOHAMMAD K. JAMSHED, a/k/a "Jimmy" Jamshed ("Mr. Jamshed"), is an adult citizen and resident of Tarrant County, Texas, residing at 1725 Weeping Willow Way, Southlake, Texas 76092.

5. Defendant AHMED IMRAN MONGA ("Mr. Monga") is an adult citizen and resident of Tarrant County, Texas, residing at 548 Linacre Drive, Crowley, Texas 76036.

6. The Court has subject matter jurisdiction over this action based on diversity of citizenship, 28 U.S.C.§ 1332. Plaintiff and Defendants consented to personal jurisdiction and venue in this Court in the agreements referenced in this Complaint.

7. The amount in controversy against each Defendant exceeds $75,000.00.

## II.     FACTS

8. Plaintiff, a national restaurant franchisor, has at substantial expenditure of time, effort and money, developed a proprietary system of opening and operating Captain D's seafood restaurants, including the development of certain trade names, trademarks, and operational procedures, etc., (the "Captain D's System"), and licenses its proprietary system to franchisees across the United States.

9. In 2017, defendants Mr. Jamshed and Mr. Monga applied to become Captain D's franchisees with plans to open two (2) new restaurants in southwest Texas. The two (2) proposed

Captain D's franchisees would be held in the name of two (2) newly created LLCs both owed 100% by Mr. Jamshed.

10. On July 9, 2018, Captain D's (as Franchisor) entered into a Franchise Agreement with defendant Alaskan Ventures LLC (as Franchisee), as amended on October 28, 2018 (the "Alaskan Franchise Agreement"), for the operation of a Captain D's seafood restaurant located at 3015 West Washington Lane, Stephenville, Texas 76401 (the "Franchised Site"). A true and exact copy of the Alaskan Franchise Agreement, and its amendment, are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

11. On July 9, 2018, defendants Mr. Jamshed and Mr. Monga each signed a Captain D's Restaurant Guaranty Agreement ("Alaskan Guaranty Agreements") personally and unconditionally guaranteeing the performance of Alaskan under the Franchise Agreement. A true and exact copy of the Alaskan Guaranty Agreements are attached hereto as **Exhibit 3** and **Exhibit 4**.

12. On April 11, 2019, Captain D's entered into a separate Franchise Agreement with defendant Sovereign Capital Ventures LLC (as Franchisee) (the "Sovereign Franchise Agreement"), for the operation of a Captain D's seafood restaurant located at 1404 South Water Street, Burnet, Texas 78611 (the "Franchised Site"). A true and exact copy of the Sovereign Franchise Agreement is attached hereto as **Exhibit 5**.

13. On April 11, 2019, Mr. Jamshed signed a Captain D's Restaurant Guaranty Agreement ("Sovereign Guaranty Agreement") personally and unconditionally guaranteeing the performance of the Franchisee (Sovereign) under the Franchise Agreement. A true and exact copy of the Sovereign Guaranty Agreement is attached hereto as **Exhibit 6**.

14. Defendant Alaskan opened its Captain D's restaurant for business on or about December 3, 2018, and defendant Sovereign opened its Captain D's restaurant for business on or about October 7, 2019.

15. Following the opening of both Captain D's restaurants, both franchisees, without Captain D's consent, unilaterally shut down operations and permanently closed the restaurants for business.

16. Specifically, Alaskan shut down its restaurant on or about September 16, 2024, and Sovereign shut down its restaurant three days later or on or about September 19, 2024.

17. The premature and permanent closure of the restaurants was in violation of the Alaskan and Sovereign Franchise Agreements.

18. On September 19, 2024, Captain D's sent defendant Alaskan written notice of its default and demand to cure. The default letter further notified Alaskan that unless the restaurant is reopened and operating in seven (7) days, then Captain D's shall terminate the Alaskan Franchise Agreement without further notice.

19. On September 23, 2024, Captain D's sent defendant Sovereign a similar letter, notifying Sovereign of its default and demand to cure. The default letter further notified Sovereign that unless the restaurant is reopened and operating in seven (7) days, then Captain D's shall terminate the Sovereign Franchise Agreement without further notice.

20. Neither Alaskan nor Sovereign timely reopened for business, and Captain D's terminated their respective Franchise Agreements.

21. Alaskan and Sovereign's breach of their respective Franchise Agreements entitles Captain D's to recover liquidated damages, court costs and attorney's fees against them, and their guarantors, joint and severally.

### III. CAUSES OF ACTION

### (COUNT 1)
### BREACH OF CONTRACT AGAINST ALASKAN

22. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-21 of this Complaint as if set forth fully herein.

23. On July 9, 2018, Plaintiff and defendant Alaskan entered into an enforceable contract.

24. Defendant Alaskan's premature and permanent closure of the Captain D's restaurant on or about September 16, 2024 was in breach of its contractual obligations under the Alaskan Franchise Agreement, as amended.

25. The Alaskan Franchise Agreement outlines the rights and responsibilities of both the franchisor and the franchisee for a 20-year term. (*See* Exhibit 1, ¶2)

26. Paragraph 7(d) of the Alaskan Franchise Agreement required the franchisee to operate the restaurant from 10:45 a.m. till 10:00 p.m. (Sunday – Thursday) and from 10:45 a.m. till 11 p.m. (Friday and Saturday), seven (7) days per week and twelve (12) months a year or such other hours or days as the Franchisor shall designate and approve.

27. Captain D's did not designate or approve any other operation schedule for the operation of Alaskan's restaurant.

28. Paragraph 19(b)(7) of the Alaskan Franchise Agreement provides that Franchisor may terminate the Agreement if following commencement of operations at the new Captain D's restaurants the franchisee "cease to operate a Captain D's restaurant" on the Franchised Site.

29. Alaskan shut down its restaurant on or about September 16, 2024, and did not reopen.

30. Captain D's sent Alaskan written notice of its default and demand to cure, which Alaskan failed to do.

31. Paragraph 20(a) of the Alaskan Franchise Agreement provides,

> Upon termination of this Agreement for any of the reasons set forth in Sections 19(a) or 19(b), all rights of the Franchisee hereunder shall cease, and the Franchisee shall pay to the Franchisor all sums then due plus damages for the right to receive the royalty and advertising fees for each year or portion thereof remaining in the original term of this Agreement, together with any other damages suffered by the Franchisor as a result of such default, and the Franchisee shall have no further claim hereunder. The damages for royalties due during the remainder of the original term of this Agreement shall be calculated by multiplying the average monthly gross sales made at or from the Franchised Site during the three years immediately preceding the termination (or the shorter period since opening if less than 36 months) times 36 times the sum of (i) the standard royalty fee rate of 4.5% and (ii) the then current advertising rate for the Franchised Site. The Franchisee shall pay to the Franchisor in addition to any amounts found to be due and owing, all expenses incurred by the Franchisor as a result of such default, including reasonable attorney's fees.

32. Pursuant to Paragraph 20(a) of the Alaskan Franchise Agreement, Alaskan's breach entitles Captain D's to recover liquidated damages in the amount of $70,571.00, plus court cost and reasonable attorney's fees.

## (COUNT 2)
## BREACH OF CONTRACT AGAINST SOVEREIGN

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint as if set forth fully herein.

34. On April 11, 2019, Plaintiff and defendant Sovereign entered into an enforceable contract.

35. Defendant Sovereign's premature and permanent closure of the Captain D's restaurant was in breach of its contractual obligations under the Sovereign Franchise Agreement.

36. The Sovereign Franchise Agreement outlines the rights and responsibilities of both the franchisor and the franchisee for a 20-year term. (*See* Exhibit 5, ¶2)

37. Paragraph 7(d) of the Sovereign Franchise Agreement required the franchisee to operate the restaurant from 10:45 a.m. till 10:00 p.m. (Sunday – Thursday) and from 10:45 a.m. till 11 p.m. (Friday and Saturday), seven (7) days per week and twelve (12) months a year or such other hours or days as the Franchisor shall designate and approve.

38. Captain D's did not designate or approve any other operation schedule for Sovereign's restaurant.

39. Paragraph 19(b)(7) of the Sovereign Franchise Agreement provides that Franchisor may terminate the Agreement if following commencement of operations at the new Captain D's restaurants the franchisee "cease to operate a Captain D's restaurant" on the Franchised Site.

40. Sovereign shut down its restaurant on or about September 19, 2024, and did not reopen.

41. Captain D's sent Sovereign written notice of its default and demand to cure, which Sovereign failed to do.

42. Paragraph 20(a) of the Sovereign Franchise Agreement provides,

> Upon termination of this Agreement for any of the reasons set forth in Sections 19(a) or 19(b), all rights of the Franchisee hereunder shall cease, and the Franchisee shall pay to the Franchisor all sums then due plus damages for the right to receive the royalty and advertising fees for each year or portion thereof remaining in the original term of this Agreement, together with any other damages suffered by the Franchisor as a result of such default, and the Franchisee shall have no further claim hereunder. The damages for royalties due during the remainder of the original term of this Agreement shall be calculated by multiplying the average monthly gross sales made at or from the Franchised Site during the three years immediately preceding the termination (or the shorter period since opening if less than 36 months) times 36 times the sum of (i) the standard royalty fee rate of 4.5% and (ii) the then current advertising rate for the Franchised Site. The Franchisee shall pay to the Franchisor in addition to any amounts found to

be due and owing, all expenses incurred by the Franchisor as a result of such default, including reasonable attorney's fees.

43. Pursuant to Paragraph 20(a) of the Sovereign Franchise Agreement, Sovereign's breach entitles Captain D's to recover liquidated damages in the amount of $91,393.00, plus court cost and reasonable attorney's fees.

## (COUNT 3)
## BREACH OF CONTRACT AGAINST MOHAMMAD JAMSHED

44. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43 of this Complaint as if set forth fully herein.

45. Plaintiff and defendant Mr. Jamshed entered into an enforceable contract, the Alaskan Guaranty Agreement (*see* Exh. 3), which personally obligates Mr. Jamshed to unconditionally guarantee Alaskan's timely performance of all the franchisee's obligations under the Alaskan Franchise Agreement, including the prompt payment when due of all franchise fees, royalty fees and advertising fees.

46. Paragraph 7 of the Alaskan Guaranty Agreement, executed by Mr. Jamshed, further provides that "should Captain D's institute an action that in any way arises out of this agreement or any alleged breach thereof, Captain D's, if it prevails, shall recover from Guarantor, in addition to other relief, its costs and reasonable attorney's fees incurred in prosecuting said action.

47. Alaskan breached its Franchise Agreement with Captain D's, which entitles it to recover liquidated damages against Alaskan in the amount of $70,571.00, plus court cost and reasonable attorney's fees.

48. Mr. Jamshed, as guarantor, is jointly and personally liable for all damages recoverable against defendant Alaskan.

## (COUNT 4)
## BREACH OF CONTRACT AGAINST MOHAMMAD JAMSHED

49. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-48 of this Complaint as if set forth fully herein.

50. Plaintiff and defendant Mr. Jamshed entered into an enforceable contract, the Sovereign Guaranty Agreement (*see* Exh. 6), which personally obligates Mr. Jamshed to unconditionally guarantee Sovereign's timely performance of all the franchisee's obligations under the Sovereign Franchise Agreement, including the prompt payment when due of all franchise fees, royalty fees and advertising fees.

51. Paragraph 7 of the Sovereign Guaranty Agreement, executed by Mr. Jamshed, further provides that "should Captain D's institute an action that in any way arises out of this agreement or any alleged breach thereof, Captain D's, if it prevails, shall recover from Guarantor, in addition to other relief, its costs and reasonable attorney's fees incurred in prosecuting said action.

52. Sovereign breached its Franchise Agreement with Captain D's, which entitled it to recover liquidated damages against Sovereign in the amount of $91,393.00, plus court cost and reasonable attorney's fees.

53. Mr. Jamshed, as guarantor, is jointly and personally liable for all damages recoverable against defendant Sovereign.

## (COUNT 5)
## BREACH OF CONTRACT AGAINST AHMED MONGA

54. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-53 of this Complaint as if set forth fully herein.

55. Plaintiff and defendant Mr. Monga entered into an enforceable contract, the Alaskan Guaranty Agreement (*see* Exh. 4), which personally obligates Mr. Monga to unconditionally guarantee Alaskan's timely performance of all the franchisee's obligations under the Alaskan Franchise Agreement, including the prompt payment when due of all franchise fees, royalty fees and advertising fees.

56. Paragraph 7 of the Alaskan Guaranty Agreement, executed by Mr. Monga, further provides that "should Captain D's institute an action that in any way arises out of this agreement or any alleged breach thereof, Captain D's, if it prevails, shall recover from Guarantor, in addition to other relief, its costs and reasonable attorney's fees incurred in prosecuting said action.

57. Alaskan breached its Franchise Agreement with Captain D's, which entitled it to recover liquidated damages against Alaskan in the amount of $70,571.00, plus court cost and reasonable attorney's fees.

58. Mr. Monga, as guarantor, is jointly and personally liable for all damages recoverable against defendant Alaskan.

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Captain D's prays:

A. That process immediately issue, summoning all Defendants to Answer this Complaint within the timeframe provided by law or as agreed between the parties or as ordered by the Court;

B. That a judgment is entered on all Counts alleged in this Complaint;

C. That the Court enter Judgment in favor of Plaintiff Captain D's against Defendant Alaskan in the amount of $70,571.00, plus court costs and attorney's fees;

D. That the Court enter judgment against Defendants Mr. Jamshed and Mr. Monga, as Guarantors of Alaskan's contractual liability for liquidated damages in the amount of $70,571.00, plus court costs and reasonable attorney's fees;

E. That the Court enter judgment in favor of Plaintiff Captain D's against Defendant Sovereign in the amount of $91,393.00, plus court costs and attorney's fees;

F. That the Court enter judgment in favor of Plaintiff Captain D's against Defendant against Mr. Jamshed as Guarantor of Sovereign's contractual liability for liquidated damages in the amount of $91,393.00, plus court costs and reasonable attorney's fees;

G. That the Court award pre-judgment and post judgment interest on all damages awarded;

H. That the Court empanel a Jury of Twelve to try this matter;

I. That the Court award Plaintiff such other relief deemed just and proper.

Dated: October 29, 2025.

Respectfully submitted,

LAW OFFICE OF MICHAEL G. HOSKINS, P.C.

<u>s/ Michael G. Hoskins</u>
Michael G. Hoskins (B.P.R. No. 024507)
Law Office of Michael G. Hoskins, P.C.
3200 West End Avenue, Suite 500
Nashville, TN 37203
(o): 615-783-1757
(f): 615-866-5816
(e): mgh@michaelghoskins.com

*Counsel for Plaintiff*
*Captain D's LLC*
